**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30051 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00060-SPW-1 |
| v. | |
| LANSING ZACHARY ROCK ABOVE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Lansing Zachary Rock Above appeals from the district court's judgment and

challenges the sentence of 74 months and 14 days imposed following his guilty-

plea conviction for assault resulting in substantial bodily injury, in violation of 18

U.S.C. §§ 113(a)(7) and 1153(a), and tampering with a victim, witness, or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

informant, in violation of 18 U.S.C. §§ 1512(b) and 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rock Above contends that the district court erred by failing to grant a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those findings for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court did not abuse its discretion by denying the adjustment because the record supports its finding that Rock Above's statements to the probation officer and the court, including those asserting that the allegations against him were false and minimizing the seriousness of his conduct, were inconsistent with genuine contrition for his actions. *See* U.S.S.G. § 3E1.1(a): *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017). To the extent that Rock Above argues that he was entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), he was ineligible for this reduction because the government did not move for it. *See* U.S.S.G. § 3E1.1(b) & cmt. n.6 (2018).

**AFFIRMED.**